UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CLARENCE D. JOHNSON, JR.,

        Plaintiff,

  v.

Case No. 19-cv-1876-pp

EBENEZER BAPTIST CHURCH,
ST. PAUL BAPTIST CHURCH,
CHURCH REDEEMER,
CHICAGO TRANSIT AUTHORITY,
CINNCINATTI KENTUCKY TRANSIT,
STATES DEPT and
DURHAM RALEIGH TRIANGLE TRANSIT AUTHORITY,

        Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING (DKT. NO. 5) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

      Last December, the plaintiff filed two cases within a week's span. Johnson v. Ebenezer Baptist Church, *et al.*, Case No. 19-cv-1876 and Johnson v. Wells Fargo, *et al.*, Case No. 19-cv-1892. In this case, the plaintiff has sued churches in Durham, North Carolina; Richmond, Virginia; and Gaithersburg, Maryland, as well as transit authorities in a number of cities and one state and the State Department. Dkt. No. 1 at 1. He alleges that this case is an "ongoing federal + state investigation of foreign policy now history of judicial + state + federal kidnapping;" he also mentions his personal property, his driver's license, "RICO acts," labor trafficking, housing, medical crimes and religion. Id.

1

at 3. The complaint directs the court to "see Angelo Byers FBI" for something, and provides a telephone number. Id. Both cases ask the court to award him seven million dollars. Case No. 19-cv-1876, Dkt. 1 at 3; Case No. 19-cv-1892, Dkt. No. 1 at 2. In both cases, the plaintiff filed motions to proceed without prepaying the filing fee. Case Nos. 19-cv-1876 and 18-cv-1892, Dkt. No. 2.

To allow a plaintiff to proceed without prepaying the filing fee, the court first must determine whether he is able to pay the costs of starting the lawsuit. 28 U.S.C. §1915(a). If the plaintiff cannot pay, the court determines whether the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The plaintiff's motion filed in this case says that the plaintiff isn't married; he put "0" in the line for his monthly wages or salary, but underneath that wrote "1600 weekly." Dkt. No. 2 at 2. The motion he filed in Case No. 19-cv-1892 says that he is unemployed, isn't married and has no income or assets. At the same time, next to the question "[s]tate your spouse's total *monthly* wages or salary," the plaintiff wrote "$1700 monthly $40: 23 hr Time Half Double Time." Id. at Dkt. No. 2 at 2. The court cannot tell from these motions whether the plaintiff is married or not, whether he has income or how much income he might have. The court will not, however, require the plaintiff to amend his motion to proceed without prepaying the filing fee because the court will dismiss the plaintiff's complaint for failure to state a claim.

The federal notice pleading system requires a plaintiff to provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendant fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id., 550 U.S. at 555. Because the plaintiff represents himself, the court must liberally construe the allegations of his complaint. Erikson v. Pardus, 551 U.S. 89, 94 (2007).

A federal court does not have the authority to hear all cases. The court has jurisdiction over cases where the plaintiff has alleged that the defendants violated federal laws or the federal Constitution. 28 U.S.C. §1331. The plaintiff says that this case is an on-going federal and state investigation of foreign policy, then lists words like kidnapping, RICO, labor, trafficking, housing, medical. The plaintiff does not explain what the various churches or transit authorities did to him, when they did it, how it happened or what, if any, injuries he suffered. The plaintiff has not stated a claim for a violation of a federal law or the federal Constitution.

A federal court also has jurisdiction over cases involving an amount in controversy exceeding $75,000 between citizens of different states. 28 U.S.C. §1332. The plaintiff lives in Illinois and appears to have sued churches and transit authorities in other states. Even if, however, the parties are citizens of

different states, the plaintiff has not described any events that occurred here in the Eastern District of Wisconsin, and he has not provided sufficient facts to state a claim under state law. The court must dismiss the case.

The plaintiff also asked the court for an evidentiary hearing and a trial date. Dkt. No. 5. He says, "[a]ll cases trial by jury criminal + civil due process law discrimination. These defendant's need attorneys." Id. The words "according to international criminal courts guidelines" and "U.S. Attorney office" appear at the bottom of this motion. Id. There is no need for the court to schedule an evidentiary hearing or a trial, because the plaintiff has not stated any claims for which a federal court could grant relief.

The court **DENIES AS MOOT** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for an evidentiary hearing. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 4th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**