UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLARENCE D. JOHNSON, JR.,

        Plaintiff,

  v.

Case No. 19-cv-1876-pp

EBENEZER BAPTIST CHURCH,
ST. PAUL BAPTIST CHURCH,
CHURCH REDEEMER,
CHICAGO TRANSIT AUTHORITY,
KENTUCKY TRANSIT,
and DURHAM RALEIGH TRIANGLE TRANSIT AUTHORITY,

        Defendants.

## ORDER DENYING PLAINTIFF'S REINSTATEMENT MOTION TO FAILURE TO STATE CLAIM (DKT. NO. 9)

On February 4, 2020, the court dismissed this case at the screening stage because the plaintiff, who lives in Illinois, sued churches and authorities in other states but failed to describe any events that occurred in the Eastern District of Wisconsin. Dkt. No. 8. He also failed to state a claim under either federal law, the Constitution or state law. Id. at 3-4. The plaintiff since has filed a "reinstatement motion," along with six pages of the court's prior orders in this case and six pages of the court's prior orders in another case this court has dismissed, Case No. 19-cv-1892. Dkt. Nos. 9, 9-1. Because the plaintiff has not identified a manifest error of law or newly discovered evidence, the court will deny the motion for reinstatement.

The court construes the plaintiff's reinstatement motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Because the plaintiff filed

1

the motion eight days after the court entered judgment, it is timely under Rule 59(e). But "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's reinstatement motion consists of the following handwritten sentence:

> Now comes Attorney sending in motion for reinstatement failure sate claim Both cases $18 million each Case Civil, criminal due process law Discrimination Trial By Jury all cases.

Dkt. No. 9.[1] The court has explained to the plaintiff that it has limited jurisdiction. Dkt. No. 6 at 3. The court has explained that in order to state a claim, the plaintiff must tell the court the who, what, when, where, how and why of what happened to him, and he has not done that. While his motion for reinstatement mentions due process and discrimination—both of which *can* be federal claims, depending on who did what—nothing in his complaint, or in the motion to reinstate, explains what any of the defendants did to him that would support these claims. The complaint itself identified other claims (kidnapping, RICO acts, labor trafficking, religion) but contained no facts. Dkt. No. 1.

On February 27 and 28, 2020, the plaintiff filed two documents labeled "supplemental information." The first document states, "DOT crimes Grey Hound Bus main office History Travel Information Metra Train Chicago to Springfield Ill Daily Crimes Amtrak Travel Information Mega Bus. Travel

---

[1] He filed the identical motion in Case No. 19-cv-1892.

Information Chicago Transit Authority crimes Illinois Pace Bus See custom Agents." Dkt. No. 10. The second document states, "Dept Transportation Crime Amazon Fed Ex United parcel Service." Dkt. No. 11. On April 14, 2020, the court received from the plaintiff filed a letter dated September 14, 2015, addressed to him from the law firm of Havkins, Rosenfeld, Ritzert & Varriale, LLP, indicating that the firm represents Dale O'Shields and the Church of the Redeemer and instructing the plaintiff to cease and desist from contacting O'Shields, the Church of the Redeemer or any of its employees directly, and to address any contacts to the law firm at its New York office. Dkt. No. 12.

Perhaps the plaintiff means for these filings to support his claims. If so, the court does not know how they do so. The documents filed in February are just lists—they don't explain what happened to the plaintiff, or who did it or when. The document filed in April relates to one of the defendants the plaintiff has sued—the Church of the Redeemer. But it doesn't tell the court what the plaintiff believes the Church did to him. All this letter tells the court is that the plaintiff has been contacting the church and its staff directly, rather than contacting their lawyers. The court has no basis for reconsidering its decision dismissing the plaintiff's case.

The court **DENIES** plaintiff's reinstatement motion. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 16th day of June, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**